UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RIGOBERTO GARCIA RAYA,

    Petitioner,

v.

DIRECTOR, ENFORCEMENT AND REMOVAL OPERATIONS, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, OFFICIAL CAPACITY;  DIRECTOR, MIAMI FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, OFFICIAL CAPACITY;  SECRETARY, DEPARTMENT OF HOMELAND SECURITY, OFFICIAL CAPACITY; UNITED STATES ATTORNEY GENERAL, OFFICIAL CAPACITY; ASSISTANT FIELD OFFICE DIRECTOR, KROME NORTH SERVICE, OFFICIAL CAPACITY; AND  ACTING DIRECTOR, IMMIGRATION AND CUSTOMS ENFORCEMENT, OFFICIAL CAPACITY;

    Respondents,

Case No. 2:25-cv-1109-KCD-DNF

## **ORDER**

Petitioner Rigoberto Garcia Raya has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc.

1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA"), and his continued detention without a hearing contravenes the Fifth Amendment. (*Id.* at 8-11.) Respondents responded in opposition. (Doc. 6.) For the reasons below, the petition is **GRANTED IN PART AND DENIED IN PART**.

Raya illegally entered the United States in 2006. (Doc. 1 ¶ 5.) He was recently detained by ICE and is now being held pending removal. (Doc. 6 at 2.)

ICE is holding Raya under 8 U.S.C. § 1225. (Doc. 1 ¶ 29.) This matters because aliens detained through § 1225(b)(2) must remain in custody throughout their removal proceedings. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("[Sections] 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded.").

The heart of this case is a question of statutory interpretation involving the interplay between 8 U.S.C. §§ 1225 and 1226. According to Raya, the Attorney General is unlawfully holding him under § 1225(b)(2), which mandates his detention, instead of under § 1226(a)'s discretionary detention scheme, where he could be eligible for release. As a result, his continued detention without a bond hearing is unconstitutional.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

As the Government concedes, the Court has already covered this ground and addressed the issues raised by Raya. *See Hernandez-Lopez v. Hardin, et al.*, No. 2:25-CV-830-KCD-NPM, 2025 WL 3022245 (M.D. Fla. Oct. 29, 2025); *Garcia v. Noem*, No. 2:25-CV-00879-SPC-NPM, 2025 WL 3041895, at *6 (M.D. Fla. Oct. 31, 2025). There, the Court was satisfied of its jurisdiction and found that petitioners were being held in violation of their rights under the INA, entitling them to habeas relief. The same result applies here. It is undisputed that Raya has been in the United States for years. His detention is thus governed by § 1226. And as a noncitizen detained under § 1226, Raya is entitled to a bond hearing. *See Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

Raya seeks a writ of habeas corpus ordering his immediate release from custody. (Doc. 1 at 10.) But that is not something the Court can do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Raya is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g.*, *Lopez-Arevelo*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *12 (W.D. Tex. Sept. 22, 2025). Consistent with the "comfortable majority position," the Court will instead require Respondents to provide

3

Raya with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

One last issue. Raya's petition also challenges his detention under the Fifth Amendment. This claim is not addressed "given that the Court [is granting] the relief [Raya is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If Respondents do not provide Raya with a bond hearing as ordered, he can renew his other claims in a subsequent complaint.

For the reasons given, Raya's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders Respondents to provide Raya with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.[2]

---

[2] The Court is aware of a pending California case that certified a class action of aliens who, like Raya, are in immigration detention and being denied access to a bond hearing. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). But no final judgment has been issued in *Bautista* to bind the parties here. And the Court finds no prudential reason to dismiss or stay this case in the meantime because Raya will seemingly need to return to this jurisdiction to obtain the habeas relief sought. *See, e.g., Alli v. Decker*, 650 F.3d 1007, 1015 (3d Cir. 2011); *J.E.F.M. v. Holder*, 107 F. Supp. 3d 1119, 1144 (W.D. Wash. 2015).

**ORDERED** in Fort Myers, Florida on December 22, 2025.

Kyle C. Dudek
United States District Judge